UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HAMID HEMATIAN,
[A# 075-136-065]

        Petitioner,

    v.

WARDEN, et al.,

        Respondents.

No. 1:26-cv-01232-TLN-SCR

**AMENDED ORDER**

This matter is before the Court on Petitioner Hamid Hematian's ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On February 19, 2026, Respondents filed an answer. (ECF No. 6.)  On March 5, 2026, Petitioner filed a traverse.  (ECF No. 8.)  For the reasons set forth below, Petitioner's habeas petition is GRANTED.[1]  (ECF No. 1.)

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native and citizen Iran who first entered the United States on September 23, 1997.  (ECF No. 6 at 2.)  On October 28, 1998, Petitioner obtained status as a lawful permanent resident.  (*Id.*)  After Petitioner was convicted of several criminal offenses, Petitioner was ordered removed on March 5, 2010.  (*Id.*)  Immigration and Customs Enforcement ("ICE") attempted to

---

[1]    On March 10, 2026, the Court issued a minute order granting Petitioner's habeas petition and ordering his immediate release.  (ECF No. 14.)  This Order explains the Court's reasoning.

1

obtain travel documents to effectuate Petitioner's removal but was unable to secure travel documents at the time and released Petitioner under an order of supervision on May 27, 2010. (*Id.*)  On December 5, 2025, Petitioner was taken into immigration custody.  (*Id.*)  On February 6, 2026, ICE submitted a travel document request to the Iranian consulate.  (*Id.*)

On February 12, 2026, Petitioner filed a petition for writ of habeas corpus.  (ECF No. 1.) Petitioner challenges his detention as violating the Fifth Amendment and the Administrative Procedures Act.  (*Id.* at 13–18.)  As the Court finds Petitioner's detention violates the Fifth Amendment, the Court does not address whether it violates the Administrative Procedures Act.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

Respondents have the authority to detain non-citizens with final orders of removal to effectuate deportation. *See* 8 U.S.C. § 1231; *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001).  When a non-citizen has been released from immigration detention, however, certain ICE regulations govern how and when the agency may revoke that release and re-detain the non-citizen. *See* 8 C.F.R. §§ 241.13(i) ("§241.13(i)") and 241.4(l) ("§241.4(1)") ("ICE Regulations").  These

procedures protect important due process rights owed to non-citizens.[2] *See Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (noting that § 241.13(i) was "promulgated to protect a fundamental right derived from the Constitution").

In considering whether Respondents failed to comply with ICE Regulations, thereby violating due process, the Court assesses 8 C.F.R § 241.13(i)(2) ("§241.13(i)(2)") (determination requirements) and 8 C.F.R § 241.13(i)(3) ("§241.13(i)(3)") (procedures) in turn.

          a)    *Determination to Revoke Release Under Section 241.13(i)(2)*

Section 241.13(i) permits revocation of the release of a noncitizen who has been ordered removed "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Pursuant to § 241.13(i)(2), the burden is on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future. *Roble v. Bondi*, No. 25-cv-3196 (LMP/LIB), 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025). The phrase "significant likelihood" requires something more than a mere possibility. *Vu v. Noem*, No. 1:25-CV-01366-KES-SKO (HC), 2025 WL 3114341, at *7 (E.D. Cal. Nov. 6, 2025).

Here, Respondents do not identify the changed circumstances relating to Petitioner's removal, as required under § 241.13(i). Respondents identified any event or fact to infer that Petitioner's circumstances changed between his release in 2010 and the revocation in 2025. Without any facts to rely on, this Court must find that there were no changed circumstances in Petitioner's case to warrant the revocation of his release under ICE Regulations.

Further, Respondents have not stated their basis for determining that Petitioner's removal is reasonably foreseeable. Specifically, Respondents have not provided any specific efforts they have made to obtain a travel document from Iran for Petitioner and have not stated whether Iran is likely to issue such a travel document given that it did not issue a travel document for Petitioner

---

[2] It is fundamental that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693 (citing *Plyler v. Doe*, 457 U.S. 202, 210 (1982); *Mathews v. Diaz*, 426 U.S. 67, 77 (1976); *Kwong Hai Chew v. Colding*, 344 U.S. 590, 596–598 & n.5 (1953); *Yick Wo v. Hopkins*, 118 U.S. 356, 369, (1886); *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)).

in the past.  A request for travel documents, alone, is insufficient to show a significant likelihood of removal.  *See Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025).  Thus, Respondents have failed to meet their burden to show a significant likelihood that Petitioner will be removed in the reasonably foreseeable future.

In sum, Respondents do not make the requisite showing that Petitioner's removal was significantly likely in the foreseeable future based on changed circumstances at the time it revoked his release under § 241.13(i)(2).  Accordingly, the Court finds that Respondents improperly revoked Petitioner's release in violation of its own regulations and due process.

> b)    *Procedures to Revoke Release Under Section 241.13(i)(3)*

The ICE Regulations also lay out procedures for revocation of release.  8 C.F.R. § 241.13(i)(3).  ICE must provide notice to the non-citizen of the reasons for revocation, "conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the [non-citizen] an opportunity to respond to the reasons for revocation[,]" and provide review of the determination. *Id.*

Respondents do not address whether ICE complied with the procedures laid out in its own regulations.  While Respondents indicate Petitioner was provide a "Notice of Revocation of Release," there is no further information as to what was in the notice.  (ECF No. 6 at 2.)  Thus, on the facts currently before this Court, the Court finds Respondents failed to follow proper procedure in violation of their own regulations and due process.

Accordingly, the Court GRANTS Petitioner's petition for writ of habeas corpus.  (ECF No. 1).

**IV.    CONCLUSION**

IT IS HEREBY ORDERED:

1.    Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2.    Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner Hamid Hematian [A# 017-136-065] until they follow all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

3.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

4

IT IS SO ORDERED.

Date: March 16, 2026

Troy L. Nunley
Chief United States District Judge